**UNITED STATES of America, Plaintiff,**

v.

**H.M.M.S., Defendant.**

**Crim. No. 93–359(PG).**

United States District Court, D. Puerto Rico.

Dec. 7, 1993.

---

Miguel A. Pereira, Asst. U.S. Atty., Carlos Chardón Avenue, Hato Rey, PR, for plaintiff.

Gustavo del Toro, San Juan, PR, for defendant.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

#### Introduction

The government has moved for an order transferring defendant to adult status for prosecution and trial. For the reasons set forth below, the government's motion is granted.

#### Discussion

A juvenile may be tried as an adult "in the interest of justice." 18 U.S.C. § 5032. The threshold requirement for transfer of a juvenile defendant to adult status is certification by the government .that the offense charged is a crime of violence that is a felony. *Id.* The government has complied with this requirement, certifying in its November 10, 1993 Certification that defendant has been charged with violating 18 U.S.C. § 2119(3) and 18· U.S.C. § 924(c), in connection with the alleged "carjacking" and homicide of Theodore Edward Fuhs. In addition, a hearing relating to the government's request to transfer the juvenile to adult status, required by the statute, was held on November 18, 1993. The defendant was present at the hearing and assisted by court-appointed counsel. The defendant's mother also was present.

Under the statute, the record must contain findings of fact with respect to six factors related to the defendant and the charged offense. I will treat each in turn.

*Age and social background of the juvenile:* The defendant is 17 years old and has lived his entire life in Puerto Rico with his mother and sister. Defendant has many relatives who reside in Puerto Rico. Defendant has never married and has no children. Defendant's employment history is limited, and he is supported financially by his mother.

*Nature of the alleged offense:* The government alleges that defendant participated in an attempted "carjacking" with an accomplice; that defendant and his accomplice confronted Theodore Edward Fuhs in Mr. Fuhs' carport; that defendant attacked Mr. Fuhs from behind, wrestling him to the ground; that defendant's accomplice then shot Mr. Fuhs twice in the back, killing Mr. Fuhs instantly.

*Juvenile's prior delinquency record:* None.

*Juvenile's intellectual development and psychological maturity:* According to self-reports contained in the report of an evaluation conducted by Richard A. Avilés Michel, M.S., Ph.D., defendant's "early education history was ... adequate and [he] remained as a successful student during elementary and intermediate grades." Defendant appears to have dropped out of high school during his fourth year. According to the report, defendant appears to be

> an average intelligent adolescent.... He clearly demonstrated above average abilities in areas associated to social knowledge, judgment and reasoning skills.

There were no indications of any severe mental or emotional signs such as schizophrenia, manic depressive or other significant pathognomonical handicaps which could impair his ability to understand any legal processing. However, there were signs of neurosis consisting of suicidal ideation, severe guilt, repentance, reactive depressive states, separation anxiety and a substance abuse disorder.

*Past treatment efforts:* The defendant appears not to have undergone treatment for behavioral problems.

*Availability of programs designed to treat the juvenile's behavioral problems:* Unknown.

In the absence of an explicit statutory assignment of weight to the six above-listed factors, the "guiding principle in transfer proceedings is 'whether a transfer would be in the interest of justice.'" *United States v. Hemmer,* 729 F.2d 10, 18 (1st Cir.1984) (quoting 18 U.S.C. § 5032). With that command in mind, I note that several factors arguably favor prosecution of defendant as a juvenile. For example, defendant's prospects for rehabilitation may be strengthened by what appears to be active family support, including family members willing to assist in posting bail for defendant. It is possible, moreover, that defendant's exposure to a potentially severe sanction if prosecuted as an adult will impede defendant's ability to overcome the psychological problems identified by Dr. Avilés. More importantly, defendant appears to have no juvenile or adult criminal record.[1]

This is not, however, a close call. The meager evidence that may be marshaled in support of prosecuting defendant as a juvenile is far outweighed by the calculated brutality allegedly employed by defendant during the incident from which defendant's charges stem. Moreover, although no evidence was produced regarding the sixth factor listed in 18 U.S.C. § 5032, the nature of the alleged offense outweighs the potentially beneficial effects of any program that might be available to treat defendant. The First Circuit has recognized that the gravity of the offense allegedly committed by a defendant may outweigh the other factors in consideration of a transfer request. *United States v. Hemmer,* 729 F.2d at 18.

**THEREFORE,** the government's Motion to Transfer Juvenile to Adult Status for Trial Under Title 18 U.S.C. § 5032 is **GRANTED.**

**IT IS SO ORDERED.**

---

**1.** I note, however, that the government alleges in its November 10, 1993 Certification, that defendant participated in a second "carjacking," during the course of which defendant allegedly fired shots at law enforcement officials. Defendant has been charged in Commonwealth court with attempted murder and weapons violations in connection with this incident. The Assistant United States Attorney stated during the November 18, 1993, hearing that his office intends to bring federal charges with respect to this incident in the event that defendant is transferred to adult status in the instant case. According to the Pretrial Services Report, moreover, defendant admitted to an FBI agent participation in five "carjackings."